IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| RONALD E. BOMER, | ) | |
| | ) | Case No.: 1:08-CV-15 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT DAVOL INC. TO PLAINTIFF'S PETITION** |
| | ) | |
| DAVOL INC., Sub. C. R. BARD, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Davol Inc. ("Davol") by and through counsel, answers the Plaintiff's Petition ("Petition") as follows:

a. Davol lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Petition and therefore denies the same.

b. Davol admits that it is organized under the laws of Delaware and that its principal place of business is located in Rhode Island. Davol further admits that C.R. Bard, Inc. is the corporate parent/stockholder of Davol. Davol further admits that it is a subsidiary of C.R. Bard, Inc.

c. Davol admits that it conducted limited manufacturing of, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol does not know what is meant by "supplied" or "imported" beyond the meanings of "distributed" and "sold," which have been admitted. Likewise, Davol does not know what is meant by "designed," "machined" or "assembled" beyond the meanings of "manufactured" which has been admitted.

d. Davol lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

e. Paragraph 5 of the Petition states conclusions of law as to which no response is required. To the extent a response is required, Davol lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

f. Davol admits that it conducted limited manufacturing of, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol does not know what is meant by "supplied" or "imported" beyond the meanings of "distributed" and "sold," which have been admitted. Likewise, Davol does not know what is meant by "designed," "machined" or "assembled" beyond the meanings of "manufactured" which has been admitted.

g. Paragraph 7 of the Petition, including all subparts, states conclusions of law as to which no response is required. To the extent a response is required, Davol denies the allegations in this paragraph.

h. Davol lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

i. Paragraph 9 of the Petition states conclusions of law as to which no response is required. To the extent a response is required, Davol denies the allegations in this paragraph.

**<u>FIRST THEORY OF RECOVERY</u>**

j. Davol incorporates its responses to paragraphs 1 through 9 as if fully set forth herein.

k. The allegations in Paragraph 11 of the Petition state conclusions of law as to which no response is required. To the extent a response is required, Davol denies the allegations in this paragraph.

Davol hereby specifically denies all of the allegations of the Petition not herein before otherwise answered. Further answering, Davol specifically denies that Plaintiff is entitled to any judgment against Davol individually, jointly, severally, or collectively in an amount to be determined at trial or in any amount whatsoever.

WHEREFORE, Davol specifically prays that Plaintiff's Petition be dismissed with prejudice and that this Court grant such other relief as it deems just and proper. Further answering, Davol interposes the following additional defenses:

## AFFIRMATIVE DEFENSES

1. The Petition, in whole or part, fails to state a claim or cause of action against Davol upon which relief can be granted.

2. Plaintiff's Petition should be dismissed for lack of proper venue.

3. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiff's claims against Davol in whole or in part.

4. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiff's claims against Davol in whole or in part.

5. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bar Plaintiff's claims against Davol in whole or in part.

6. Applicable statutes of limitations, statutes of repose, and the doctrine of laches bar Plaintiff's claims in whole or in part.

7. Plaintiff's, or his agents', including his physicians', misuse or abnormal use of the product or failure to follow instructions bar Plaintiff's claims in whole or in part.

8. If Plaintiff used a product sold by Davol, then Plaintiff's claims are barred, in whole or in part, because Plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

9. Any alleged negligent or culpable conduct of Davol, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiff's alleged injuries.

10. If Plaintiff sustained any damages or injuries, which are denied, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiff, including contributory negligence, contributory fault, comparative fault, assumption of the risk, or failure to mitigate damages.

11. If Plaintiff used a product sold by Davol, Plaintiff used the product for off-label purposes, which bars the Plaintiff's claims.

12. The learned intermediary doctrine bars Plaintiff's claims.

13. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

14. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

Case 1:08-cv-00245-ML-DAS Document 15 Filed 04/23/2008 Page 5 of 9

15. Plaintiff's claims are preempted, in whole or in part, by applicable federal law.

16. Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries, if any, were the result of conduct of Plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiff's pre-existing medical conditions.

17. If Plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from acts or omissions of persons or entities for which Davol is neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Davol. Such acts or omissions on the part of other persons or entities, such diseases, and/or such causes constitute an independent, intervening and sole proximate cause of Plaintiff's alleged injury or damages.

In the alternative, under applicable provisions of statutory or decisional law (including but not limited to applicable Iowa law), Davol is entitled to a comparative apportionment of fault, if any, relative to the other Defendants (and Cross-Defendants) and/or third parties. To the extent Davol's liability exceeds its relative share of responsibility, Davol is likewise entitled to a judgment against those parties herein for contribution and/or indemnity or a percentage reduction in accordance with the apportionment of their fault or liability or the fault or liability attributable to any other party, any person, or entity, including the Plaintiff and any party, person, or entity who has settled with the Plaintiff. In the alternative, Davol is entitled to a setoff or dollar-for-dollar credit for any such settlements

Case 1:08-cv-02815-JEI-DAS Document 1-5 Filed 06/23/2008 Page 6 of 9

and any amounts received by Plaintiff from any source whatsoever with respect to the injuries and damages at issue in this suit.

18. Davol states that if Plaintiff sustained any damages or injuries, which is specifically denied, such damages or injuries were caused by the acts, omissions or fault of Plaintiff or others, for whose conduct Davol is not responsible; accordingly, Davol is entitled to an assessment of the relative degree of fault for all such persons and entities.

19. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiff's own idiosyncratic reactions.

20. Plaintiff failed to mitigate damages, which limits Plaintiff's recovery, if any, in whole or in part.

21. Davol has no legal relationship or privity with Plaintiff and owes no duty to Plaintiff by which liability could be attributed to it.

22. Davol made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiff. If any such warranties were made, whether express or implied, which Davol specifically denies, then Plaintiff failed to give notice of any breach thereof. Moreover, Davol effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which it is responsible in this matter.

23. Plaintiff's claims are barred in whole or in part by Plaintiff's own negligence.

24. Plaintiff's recovery, if any, shall be reduced by those payments that Plaintiff received from collateral sources.

Case 1:08-cv-00215-JEG-TJS Document 1-5 Filed 04/23/2008 Page 7 of 9

25. If Plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendant's product.

26. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Davol, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiff may have suffered, if any.

27. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003), bars Plaintiff's alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendant's rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the applicable due process guarantees of the Iowa Constitution.

28. To the extent that the applicable state law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of defendants and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the Iowa Constitution.

29. To the extent Plaintiff's Petition seeks punitive damages, such claims are barred because Plaintiff has failed to allege conduct warranting the imposition of punitive damages under Iowa and/or other applicable laws.

Case 1:08-cv-02415-JEI-DAS Document 1-5 Filed 04/23/2008 Page 8 of 9

30. To the extent Plaintiff's Petition seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

31. Plaintiff's claims are, in whole or in part, subject to adjudication under the laws of states or jurisdictions other than Iowa.

32. Davol hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve their right to amend this Answer to assert such defenses.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering Defendant hereby demands a trial by jury as to all issues.

Date: April 23, 2008.

DAVOL INC., Defendant,

By: /s/ Tracy L. Deutmeyer

Tracy L. Deutmeyer, AT0002009
McGrath North Mullin & Kratz, PC LLO
Suite 3700 First National Tower
1601 Dodge Street
Omaha, NE 68102
(402) 341-3070
(402) 341-0216 fax
tdeutmeyer@mcgrathnorth.com

Of Counsel:

Kirby T. Griffis
Spriggs & Hollingsworth
1350 I Street, N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 fax

**CERTIFICATE OF SERVICE**

THE UNDERSIGNED hereby affirms that the foregoing Answer and Affirmative Defenses of Defendant Davol Inc. to Plaintiff's Petition was filed electronically on April 23, 2008, using the U.S. Court's CM/ECF, which caused a copy of same to be served electronically on counsel of record by email if registered, and that a true and correct copy of the foregoing was served on counsel of record not registered by first class mail, addressed as follows:

Christopher P. Welsh
Welsh & Welsh, P.C., L.L.O.
2027 Dodge Street, Suite 400
Omaha, NE 68102

/s/ Tracy L. Deutmeyer
Tracy L. Deutmeyer